

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable V. J. Campbell
County Attorney
Garza County
Post, Texas

Dear Sir:

Opinion No. O-5509
Re: Disposition of proceeds of
sale of county land upon fore-
closure of vendor's lien.

This is in response to your recent request for our opinion upon the following questions:

"Will you kindly advise what disposition should be made of money procured from the sale under fore-closure of county school land, under the following conditions:

"In 1909 Garza County sold 516.5 acres of its school land and retained a vendor's lien note against it in the principal sum of $5165.00. Default occurred in the payment of interest on this note until the sum of $2493.87 had accrued at the time of the sale by Sheriff under order of sale issued out of District Court in foreclosure proceedings, and the additional sum of $784.85 as attorney's fees.

"Should this entire sum now be placed in the Permanent School Fund on the theory that the purchaser forfeited and a resale occurred?

"Should the sum of $5165.00 be placed in the Permanent Fund and the remainded in the available fund?

"Should the sum of $5165.00 be placed in the Permanent fund, the sum of $2493.87 in the available fund and the sum of $784.85 placed in the county's general fund, recompensing it for attorney's fees the foreclosure suit necessitated?

"Should the sum of $5949.85 (which is principal and attorney's fees) be placed in the Permanent Fund and the sum of $2493.87 in the available fund."

You are familiar with the pertinent portions of Article 7, Section 6 of the Texas Constitution, providing that:

". . . Each county may sell or dispose of its lands in whole or in part, in manner to be provided by the Commissioners' Court of the county. . . . Said lands, and the proceeds thereof, when sold, shall be held by said counties alone as a trust for the benefit of public schools therein; said proceeds to be invested in bonds of the United States, the State of Texas, or counties in said State, or in such other securities, and under such restrictions as may be prescribed by law; and the counties shall be responsible for all investments; the interest thereon, and other revenue, except the principal shall be available fund."

Such sales may be made for cash or upon credit, Delta County v. Blackburn, 100 Tex. 51, 93 S.W. 420. When acting pursuant to this authority the county makes an executory contract of sale retaining a vendor's lien and a default occurs, it will ordinarily have an election of remedies. It may elect to disaffirm the sale upon breach and make a new sale, Wests' Executors v. Cameron County, (Comm. App.) 14 S.W. (2d) 836, or it may sue to foreclose its lien, Lancaster v. Gray County, 127 S.W. (2d) 385. In the event it pursues the latter course it affirms its original contract of sale. Hill v. Preston, 119 Tex. 522.

We therefore advise you that when your county foreclosed its vendor's lien it affirmed the original contract of sale and the principal amount, $4,165, should be credited to the Permanent School Fund, and the accrued interest, $2,493.87, should be placed in the County Available Fund. Article 7, Section 6, Constitution of Texas; Article 2284, Vernon's Annotated Civil Statutes; 37 Texas Jurisprudence 862; Dallas County v. Club Land and Cattle Company, (Sup. Ct.) 66 S.W. 294; Taber v. Dallas County, 101 Tex. 241, 106 S.W. 332.

We also advise that for the reasons set forth in Opinion No. O-985 of this department, a copy of which is enclosed herewith, the sum of $784.85, the amount recovered expended for attorneys' fees should be placed in the General Fund.

Yours very truly

APPROVED AUG 20, 1943
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Jas. D. Smullen

Jas. D. Smullen
Assistant

JDS:EP:egw
Encl.